UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW HUTCHINSON,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 16-cv-05319 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 12, 13, 14).

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred in finding plaintiff's mental impairments do not constitute a medically determinable severe impairment at step two. The ALJ failed to

properly consider the mental impairments when determining plaintiff's residual functional capacity ("RFC") and therefore the error at step two was harmful. Because this error was not harmless, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, MATTHEW HUTCHINSON, was born in 1956 and was 54 years old on the alleged date of disability onset of January 19, 2011 (*see* AR. 185-88, 189-95). Plaintiff obtained his GED, a two-year degree in mathematics and some computer programming classes through work (AR. 40). Plaintiff has work experience as a computer programmer and systems administrator (AR. 40-46).

According to the ALJ, plaintiff has at least the severe impairments of "Degenerative disc disease, degenerative joint disease of the right ankle, and diabetes (20 CFR 404.1520(c) and 416.920(c))" (AR. 19). Plaintiff alleges that the ALJ failed to acknowledge his severe mental health impairment.

At the time of the hearing, plaintiff was living in a house with his 78-year-old mother (AR. 38).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 75-85, 87-97, 99-111, 113-25). Plaintiff's requested hearing was held before Administrative Law Judge Sue Leise ("the ALJ") on July 11, 2014 (*see* AR. 32-73). On September 24, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 14-31).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) The ALJ improperly found the plaintiff did not have a severe mental health impairment; (2) The ALJ improperly rejected the opinion of J. Dalton, M.D.; (3) The ALJ improperly rejected the assessment of Matthew Oxiles, ARNP; (4) The ALJ improperly rejected the lay witness testimony; and (5) The ALJ improperly rejected the plaintiff's testimony (*see* Dkt. 12, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)     Whether the ALJ erred at step two.**

Plaintiff asserts the ALJ erred in failing to find his mental impairments severe at step two (Dkt. 12, pp. 3-7). Step two of the administration's evaluation process requires

the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (quoting 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28)).

The step two inquiry is merely a threshold determination as to whether a claimant has raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *see also Smolen*, 80 F.3d at 1290 (noting the step two determination is a *de minimis* screening device used to dispose of groundless claims). An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290.

Here, the ALJ determined that plaintiff's "medically determinable mental impairments of anxiety disorder and dysthymia . . . do not cause more than minimal limitations in the claimant's ability to perform basic mental work activities and are

therefore nonsevere" (AR. 20). In making this decision, the ALJ determined that plaintiff has only mild limitations in his activities of daily living, social functioning, and concentration, persistence, or pace, and the ALJ also determined that plaintiff had no episodes of decompensation (AR. 20). In addition, although the ALJ noted that plaintiff had been treated for depression and the "reports of depression are mixed," the ALJ gave little weight to a psychological consultative examination and determined that plaintiff's "anxiety and depression is [sic] not so severe that he is unable to handle it without professional help" (AR. 20-21). As discussed below, the record demonstrates that the ALJ failed to consider probative evidence that plaintiff experienced limitations related to his mental impairments during the period of disability.

        1. *John F. Robinson, Ph.D.*

State agency psychologist John F. Robinson, Ph.D. provided a medical opinion regarding plaintiff's mental impairments (*see* AR. 104-05, 109, 118-19, 123). Based on his review of records, Dr. Robinson opined that plaintiff has moderate difficulties in maintaining concentration, persistence or pace (AR. 118). Dr. Robinson also opined that plaintiff is moderately limited in his ability to complete a normal workday and workweek without interruptions from his psychological symptoms and to perform at a consistent pace without an unreasonable number and length of rest breaks (AR. 123). Dr. Robinson also opined that plaintiff is able to perform detailed tasks but he will have "periodic interference of attention and pace due to [a] combination of depression and subjective experience of pain" (AR. 123).

The ALJ did not discuss Dr. Robinson's medical opinion in her decision, nor did she consider Dr. Robinson's opinion when determining plaintiff's severe impairments (*see* AR. 17-25). Thus, the ALJ erred at step two by failing to consider Dr. Robinson's opinion that plaintiff is moderately limited based on his mental limitations that cause "more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all plaintiff's limitations in assessing the RFC, the step two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

In determining plaintiff's RFC, the ALJ did not discuss the opinion of Dr. Robinson and the functional limitation he assessed, nor did the ALJ include any functional limitations related to plaintiff's alleged severe mental impairments (*see* AR. 17-25). For example, the RFC does not include any limitations related to plaintiff's moderate limitations in his ability to concentrate (*see* AR. 21-22). When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the

ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Since the ALJ failed to discuss the significant, probative evidence favorable to plaintiff contained in the Dr. Robinson's medical opinion, and failed to find plaintiff's mental impairments severe at step two, the RFC was incomplete and the ALJ's error was not harmless.

   2.  *William L. Thorbecke, Ph.D.*

In addition, William L. Thorbecke, Ph.D. conducted a psychological evaluation of plaintiff on August 25, 2012 (*see* AR. 328-32). Dr. Thorbecke reviewed medical records, charted plaintiff's self-reported history, and performed a mental status examination (*see id.*). Dr. Thorbecke observed that plaintiff was "quite negative" and noted that plaintiff was sad and anxious (AR. 330). Dr. Thorbecke diagnosed plaintiff with anxiety and opined that plaintiff's GAF score is a 50 (AR. 331).

The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and evaluating a claimant's testimony lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (citing *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

The ALJ dismissed Dr. Thorbecke's opinion, finding the "GAF of 50 is not supported by the record, and [Dr. Thorbecke] does not explain why he assessed the

claimant's anxiety to be severe" (AR. 20). The ALJ also noted that plaintiff denied being depressed at some appointments and observed that plaintiff failed to seek treatment for his mental health "which suggests that his anxiety and depression is [sic] not so severe that he is unable to handle it without professional help" (AR. 20-21).

First, the ALJ rejected Dr. Thorbecke's opinion regarding plaintiff's GAF score as "not supported by the record" (AR. 20). The ALJ did not cite to any evidence in the record inconsistent with Dr. Thorbecke's opinion, nor did the ALJ explain why her conclusions—rather than Dr. Thorbecke's clinical observations—are correct (*see* AR 20-21). The ALJ's statement lacks the specificity required by the Court to dismiss a doctor's medical opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.").

Second, the ALJ rejected Dr. Thorbecke's opinion regarding plaintiff's anxiety and determined that he did not "explain why he assessed the claimant's anxiety to be severe" (AR. 20). However, the ALJ's determination is not supported by substantial evidence. Indeed, Dr. Thorbecke noted that plaintiff's "mood was sad and anxious and his affect was congruent" (AR. 330). He observed that plaintiff "tends to dwell and ruminate on thoughts about his life and his failure to maintain his employment and manage his health condition" (AR. 330). Dr. Thorbecke also observed that plaintiff "appears to have significant symptoms of anxiety and depression so that he is learning to

cope and adjust with his medical symptoms and symptom management" (AR. 331). Dr. Thorbecke opined that plaintiff's symptoms are not likely to improve without outpatient treatment (AR. 331). Thus, Dr. Thorbecke's clinical observations undermine the ALJ's findings that plaintiff's anxiety was not severe.

Third, the ALJ noted that the record is "mixed" and that plaintiff denied being depressed at some appointments while alleging depression at other medical appointments (AR. 20-21). As an initial matter, the ALJ's treatment of this portion of the evidence of record may suggest improper "cherry-picking" to support the ALJ's decision, while failing to address aspects of the record supporting a finding of severe limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("[T]he ALJ improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment.") (citations omitted). As noted by plaintiff, treatment records demonstrate plaintiff appeared at appointments anxious with rapid speech, hyperactive, and impulsive (AR. 665, 667, 668). Regardless, whether or not plaintiff consistently reported depression to other providers does not undermine Dr. Thorbecke's opinions regarding plaintiff's mental impairments. Thus, the third reason the ALJ offered to discount Dr. Thorbecke's medical opinion is not specific and legitimate.

Fourth, the ALJ rejected Dr. Thorbecke's opinion by noting that plaintiff had not sought treatment for his mental health conditions (AR. 20-21). However, "the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a

physician's] assessment of claimant's condition is inaccurate." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "[I]t is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." *Id.* (citation omitted). Thus, the ALJ erred in rejecting Dr. Thorbecke's opinion and plaintiff's allegations of severe mental limitations on this basis as well.

**(2)     Whether the ALJ erred in the remainder of her decision.**

Plaintiff also maintains that the ALJ erred in the remainder of her decision, by failing to properly consider (1) the medical evidence opinion of J. Dalton, M.D.; (2) the lay witness statement of Advanced Registered Nurse Practitioner Matthew Oxiles; (3) the lay witness statements of plaintiff's brother and mother; and (4) plaintiff's statements and testimony (*see* Dkt. 12).

The ALJ's error at step two with respect to plaintiff's mental impairments requires remand to the Commissioner for proper consideration of plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative process incorporating plaintiff's mental impairments and the work limitations possibly caused by additional severe impairments. As the ALJ's error at step two impacts all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand, completing each step of the sequential evaluation process. Thus, it is unnecessary to address the other issues raised in plaintiff's appeal.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of November, 2016.

J. Richard Creatura
United States Magistrate Judge